MANATT, PHELPS & PHILLIPS, LLP
ROBERT H. PLATT (Bar No. CA 108533)
Email: rplatt@manatt.com
ANDREW L. SATENBERG (Bar No. CA 174840)
Email: asatenberg@manatt.com
REID DAVIS (Bar No. CA 275164)
Email: redavis@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Defendant*
H & M HENNES & MAURITZ, L.P.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE TRAN, individually and on behalf of all person similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> H & M HENNES AND MAURITZ L.P., and DOES 1 through 100, inclusive, <br><br> Defendants. | No. CV 12-00555 PSG <br><br> NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1441 AND 1446 <br><br> [Filed concurrently with: <br> (1) Civil Case Cover Sheet; <br> (2) Declaration of Kenneth Munoz-Porter; <br> (3) Declaration of Andrew L. Satenberg; <br> (4) Notice to Adverse Parties; <br> (5) Certificate of Interested Parties.] |

Defendant H & M Hennes & Mauritz, L.P. ("H&M") hereby gives notice that it is removing the captioned cause, originally filed in the Superior Court of the State of California for Santa Clara County, Case No. 1-11-CV-215599 to the United States District Court for the Northern District of California at San Jose. H&M removes the case pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds set forth below.

1. On December 23, 2011, plaintiff Suzzane Tran ("Plaintiff"), acting

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL

individually and on behalf of a putative class of persons she seeks to represent, filed this action in Santa Clara County Superior Court.

2. H&M was first served with a copy of the summons and complaint on January 4, 2012. Removal of this action is therefore timely, in that H&M has filed the notice of removal within 30 days of receiving the summons and complaint. *See* 28 U.S.C. § 1446(b).

3. According to the docket for the Santa Clara County Superior Court for this action, the summons, complaint, notice of case management conference, and proof of service constitute all process, pleadings, papers and orders filed in Santa Clara County Superior Court in this action within the meaning of 28 U.S.C. § 1446(a). A copy of the docket is attached as <u>Exhibit A</u>. Exhibit A reflects the complete record of all records and proceedings in state court.

4. The removal of this action terminates all proceedings in Santa Clara Superior Court. *See* 28 U.S.C. § 1446(d).

5. H&M removes this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. 1332(d), and 28 U.S.C. § 1453, on the basis that (a) this action is a proposed "class action" as defined in 28 U.S.C. § 1332(d)(1)(B); (b) all members of the proposed class of plaintiffs are citizens of a state (California) different from the state in which H&M is a citizen (New York); and (c) the alleged amount in controversy exceeds $5,000,000.

**Proposed Class Action**

6. Plaintiff alleges that this case is brought as a class action, Complaint ¶¶ 1-4 (Attached hereto as <u>Exhibit B</u>), and seeks certification of the putative class under California Code of Civil Procedure section 382. *Id.* ¶ 16. Therefore, this action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."

## Minimal Diversity

7.  Under 28 U.S.C. § 1332(d)(2)(C), a district court may assert jurisdiction over a class action in which "any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." Such minimal diversity exists among the parties. Upon information and belief, H&M avers that Plaintiff was, as of the time of the filing of the Complaint, a resident of California. Complaint ¶ 5 (Ex. B). Plaintiff seeks to represent a class that consists of "all individuals who are currently employed, or formerly have been employed by Defendants as non-exempt employee [sic] and worked in Defendant's stores in the State of California, at any time within four years prior to the filing of the original complaint until resolution of this action." *Id.* ¶ 16. H&M is organized under the laws of the State of New York, with its principal place of business in New York. Declaration of Andrew L. Satenberg ¶ 2. Accordingly, there is complete diversity between Plaintiff and the putative class he seeks to represent on the one side, and H&M on the other side, thereby satisfying the requirement of minimal diversity under 28 U.S.C. § 1332(d)(2)(C).

## Amount in Controversy

8.  This is an "action in which the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2). "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

9.  When a plaintiff fails to plead a specific amount of damages and if the amount in controversy is not "facially apparent" from the complaint, "the court may consider facts in the removal petition" to determine the amount at issue. *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut. Ins. Co.*, 113 F.3d 373, 377 (9th Cir. 1997)).

10. Plaintiff seeks an order compelling payment to each putative class

member of alleged unpaid compensation under a multitude of theories of liability, including uncompensated overtime pay for hours worked in excess of eight hours per day and in excess of forty (40) hours per pay week, uncompensated premium pay, miscalculated straight time compensation, and unspecified other excluded compensation. Plaintiff further seeks penalties of one hour's pay for each putative class member's missed meal periods and missed rest periods. He seeks the disgorgement of all H&M profits from these claimed unfair business practices, with prejudgment interest. For every putative class member whose employment ended with any amount of compensation unpaid under any of the above theories, Plaintiff seeks waiting time penalties of up to thirty (30) days pay pursuant to Labor Code section 203. Additionally, Plaintiff seeks penalties for each pay period during which H&M allegedly failed to make and keep accurate payroll and timekeeping records. And Plaintiff seeks statutory penalties under the California Labor Code Private Attorney's General Act. On all of these amounts, Plaintiff seeks pre-judgment interest and attorneys' fees and costs pursuant to Labor Code section 1194. Prayer for Relief, ¶¶ 1-4. (Ex. B).

11. H&M denies any liability in this case and intends to vigorously oppose class certification. H&M reserves all rights in this regard. For purposes of jurisdictional requirements for removal only, H&M has evidence showing that the allegations in the Plaintiff's complaint put in controversy, in the aggregate, an amount that exceeds $5,000,000.

12. Putting compensation differences aside for the moment, records show that during the four year period encompassed by the putative class definition, more than 2,000 employees within the putative class of employees identified by Plaintiff, were discharged, voluntarily or involuntarily. *See* Declaration of Kenneth Munoz-Porter ¶ 3. Assessing the waiting time penalties which Plaintiff alleges are due for failure to pay all compensation earned at the time of discharge, by his complaint Plaintiff seeks well in excess of $5 million in waiting time penalties. This figure

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

4        NOTICE OF REMOVAL

does not include any of the additional various types of alleged uncompensated wages Plaintiff seeks for himself and putative class members. Accordingly, the amount sought by Plaintiff exceeds the jurisdictional amount specified in 28 U.S.C. § 1332(d)(6).

13. Moreover, in addition to seeking wages and penalties, Plaintiff seeks attorneys' fees under the California Labor Code. This amount of claimed attorneys' fees, aggregated on a class-wide basis, may be factored into the amount-in-controversy calculation. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998) ("Where an underlying statute authorizes an award of attorneys' fees . . . such fees may be included in the amount in controversy").

14. In sum, the alleged aggregated damages, penalties and fees which Plaintiff seeks easily surpass the $5,000,000 amount in controversy required under CAFA.

### Removal is Proper

15. Pursuant to 28 U.S.C. § 1453, a suit over which a district court would have original jurisdiction under CAFA may be removed to federal court from state court, as provided by 28 U.S.C. § 1441(a). Therefore, H&M is entitled to remove the instant action to this Court, because the Court could have asserted original jurisdiction over the case.

16. Santa Clara County Superior Court lies within the Northern District of California. Accordingly, removal to this district is proper. *See* 28 U.S.C. § 1441(a).

17. Written notice of the filing of this Notice of Removal and the removal of the state court action is being delivered to Plaintiffs through their counsel of record. A copy of this Notice of Removal will be filed promptly with the Clerk of the Santa Clara County Superior Court, as required by 28 U.S.C. § 1446(d). H&M attaches as Exhibit C to this Notice a copy of the notice to be filed with the state court.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

5    NOTICE OF REMOVAL

WHEREFORE, H&M respectfully gives notice that the above-entitled action is removed from the Santa Clara County Superior Court to the United States District Court for the Northern District of California.

Dated: February 2, 2012

MANATT, PHELPS & PHILLIPS, LLP
Robert H. Platt
Andrew L. Satenberg
Reid Davis

By: _____
Reid Davis
*Attorneys for Defendant*
H & M HENNES & MAURITZ, L.P.

301363170.1