EXHIBIT A

Contact Us

Jan. 30, 2012

THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA CLARA

## Public Access Civil Case Information Website

Home  » Civil Index »   Party/Case Type Search  »   Party/Case Type Results  »  Cases Involving Suzanne Tran  » **Register of Actions/Docket for Case Number 1-11-CV-215599**

### Register of Actions/Docket

*Notice: The Superior Court of California, County of Santa Clara declares that information provided by and obtained from this site (www.sccaseinfo.org) is intended for use on a case by case basis and typically by parties of record and participants, and does not constitute the official record of the court. Any user of the information is hereby advised that it is being provided as is and that the information may be subject to error or omission. The user acknowledges and agrees that the Superior Court of California, County of Santa Clara is not liable for the accuracy or validity of the information provided.*

**Case Information**                                                                                      **Associated Cases**

|  |  |
|---|---|
| Number: | **1-11-CV-215599** |
| Title: | **S. Tran Vs H & M Hennes And Mauritz L.P.** |
| Category: | **Other Employment - Unlimited** |
| Filed: | **12/23/2011** Disposed: **None** Status: **Open** |

| Calendared Events |  |  |  | Documents |
|---|---|---|---|---|

### Involved Parties

| Type | Name | | Disposition |
|---|---|---|---|
| Plaintiff | Suzanne Tran<br>None | None | |
| | **Attorney:** | John James Glugoski<br>Righetti Glugoski, PC , 456 Montgomery Street, Suite 1400, San Francisco, Ca 94104 | |
| Defendant | H & M Hennes And Mauritz L.P.<br>None | None | |

Involved Parties                    **Calendared Events**                                        Documents

| Date | Time | Dept. | Event Description | Result | | | Notice Printed | Reset | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | Description | By | Date | | To | From |
| 6/5/2012 | 03:45PM | 02 | CV CMC-Case Management Conf | None | None | None | None | None | None |

Involved Parties                         **Documents**                                          Calendared Events

For an explanation of the abbreviations used in the Document Description/Text columns, click here.

| Number-Sequence | Document Description | Document Text | Filed | Ruling | Date |
|---|---|---|---|---|---|
| 0004-000 | Cv Proof Of Svc Compl/Pet/Summons | | 01/09/2012 | None | 01/09/2012 |
| | **For:** Suzanne Tran / PLT<br>**Against:** H & M Hennes And Mauritz L.P. / DEF | | | | |
| 0003-000 | Cv Summons Filed | | 12/23/2011 | None | 12/27/2011 |
| | **For:** Suzanne Tran / PLT<br>**Against:** H & M Hennes And Mauritz L.P. / DEF | | | | |
| 0002-000 | Cv Complaint Filed/Summs Issued | Click for text | 12/23/2011 | None | 12/27/2011 |
| | **For:** Suzanne Tran / PLT<br>**Against:** H & M Hennes And Mauritz L.P. / DEF | | | | |
| 0001-000 | Cv Case Cover Sheet | | 12/23/2011 | None | 12/27/2011 |
| | **For:** Suzanne Tran / PLT | | | | |

For an explanation of the abbreviations used in the Document Description/Text columns, click here.

[ RETURN ]

Main Court Website    |   Contact   ;   Disclaimer                                    © 2011 Superior Court of Santa Clara County

EXHIBIT B



1  MATTHEW RIGHETTI, ESQ.  {121012}
   JOHN GLUGOSKI, ESQ.  {191551}
2  MICHAEL RIGHETTI, ESQ  {258541}
3  RIGHETTI · GLUGOSKI, P.C.
   456 Montgomery Street, Suite 1400
4  San Francisco, CA 94104
   Telephone: (415) 983-0900
5  Facsimile: (415) 397-9005

FILED  Santa Clara County
12/23/11   9:05am
David H. Yamasaki
Chief Executive Officer
By: rachelt DTSCIV009101
R#201100136720
CK       $395.00
TL       $395.00
Case: 1-11-CV-215599

6  Attorneys for Plaintiff

**FILED**

DEC 2 3 2011

7               SUPERIOR COURT OF CALIFORNIA
8                   COUNTY OF SANTA CLARA

DAVID H. YAMASAKI
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
9                                          BY_____DEPUTY
                                              R. Nel...

10                                    **CLASS ACTION**

11  SUZANNE TRAN, Individually and on
    behalf of all person similarly situated,

12                                    CASE NO.  1 1 1 C V 2 1 5 5 9 9

13         Plaintiff,

14         vs.                        **COMPLAINT**

15
    H & M HENNES AND MAURITZ L.P.,    1. (Failure to Pay Minimum Wage
16  AND DOES 1 THROUGH 100,              Violation of Labor Code Sections
    INCLUSIVE,                           1194, 1194.2, 1197)
17                                    2. Violation of Bus. & Prof. Code;
18                                    3. Failure to Make Payments within
                                         the Required Time
19                                    4. Penalties Pursuant to PAGA

20         Defendants.

21  _____/

22

23

24  COMES NOW, Plaintiff, SUZANNE TRAN, hereinafter "Plaintiff," an individual over the

25  age of eighteen (18), and brings this challenge to Defendants' lucrative, repressive and unlawful

26  business practices on behalf of herself and a class of all others similarly situated and for a Cause

27

28

                                    1
                              COMPLAINT

of Action against Defendants, H & M HENNES AND MAURITZ, L.P., and DOES 1-100, inclusive, (hereinafter Defendants) and each of them, alleges as follows:

## INTRODUCTION

### 1.

This is a class action against Defendants to challenge their policy and practice of requiring their non-exempt employees to work substantial amounts of time "off-the-clock" and without pay, and failing to provide their non-exempt employees with the meal and rest periods to which they are entitled by law.

### 2.

The time that Defendants require their employees to work without compensation is substantial, and aggregately deprives Plaintiff and the Class of many hours' worth of wages (both straight-time and overtime) per week. In addition, because Plaintiff and the Class are required to perform numerous tasks both at the beginning and the end of their meal and rest breaks, they are not provided with 30 minutes of off-duty time for meal breaks (though a full 30 minutes is deducted from their pay), or 10 minutes of off-duty time in which to rest, as required by California law. Nor was Plaintiff or the Class paid one hour of wages for each meal/rest period violation as statutorily mandated under California law.

### 3.

As a result of all of these violations, Defendants are also liable for various other penalties under the Labor Code, and for violation the Unfair Business Practices Act ("UCL"), Business and Professions Code §§17200, et seq.

### 4.

Plaintiff seeks full compensation and restitution on behalf of herself and all others similarly situated individuals for all unpaid wages, unpaid overtime, denied meal and rest periods, and waiting time penalties. Plaintiff further seeks penalties on behalf of themselves

and the proposed California-law class for Defendants' violations of the Labor Code and California Industrial Welfare Commission ("IWC") wage orders. Plaintiff also seeks declaratory and injunctive relief, including restitution. Finally, Plaintiff seek reasonable attorneys' fees and costs under California Labor Code Section 1194 and California Code of Civil Procedure § 1021.5.

## PARTIES

### 5.

Plaintiff Tran has been employed by H & M as a non-exempt hourly employee within the statutory period in this case and performed work for Defendant in Santa Clara County within the statutory period.

### 6.

Defendant H & M Hennes & Mauritz is a large retail chain, present in many shopping centers around the world with numerous stores located in California, including in Santa Clara County.

### 7.

The true names and capacities, whether individual, corporate, associate, or otherwise of Does 1-100, inclusive, are unknown to Plaintiff, who therefore sues the Doe Defendants by fictitious names. Plaintiff is informed, believes, and thereon alleges that each of these fictitiously-named Defendants are responsible in some manner for the occurrences and Plaintiff's and the Class's damages as herein alleged. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.

### 8.

At all relevant times, Defendants have done business under the laws of California, have had places of business in California, including in this judicial district, and have employed Class

Members in this judicial district, including Plaintiff. Defendants are "persons" as defined in California Labor Code §18 and California Business and Professions Code § 17201. Defendants are also the "employer" as that term is used in the California Labor Code and the IWC's Orders regulating wages, hours and working conditions.

**JURISDICTION**

9.

This Court has jurisdiction over Defendant, Plaintiff's and the Class members' claims for unpaid wages and denied meal and rest periods pursuant to the California Labor Code, including Labor Code §§218 and 1194, and the wage orders of the IWC.

10.

This Court has jurisdiction over Plaintiff's and the Class members' claims for injunctive relief, including restitution of earned wages and benefits, which are the money and property of Plaintiff and the Class members, arising from Defendants' unfair competition under Business & Professions Code §§17203 and 17204.

11.

This Court also has jurisdiction over Plaintiff's and the Class members' claims for penalties in violation of the Labor Code pursuant to Business and Professions Code § 17202, as well as pursuant to the applicable Labor Code provisions.

**VENUE**

12.

4
COMPLAINT

1    Venue is proper in this County pursuant to Code of Civil Procedure §395(a). Defendants

2    conduct business, employ Class members, and have locations in this County, and the events

3    complained of occurred in this County.

4                                    **FACTUAL ALLEGATIONS**

5                                              **13.**

6    The policies and practices of Defendants, including the alleged failure to pay for all

7    hours worked, the failure to pay overtime wages, denial of meal and rest periods, and failure to

8    pay wages upon termination of employment, at all relevant times have been substantially similar

9    for Plaintiff and the members of the Class.

10                                             **14.**

11

12    Defendants deny to Plaintiff and the Class members the meal and rest periods to which

13   they are statutorily entitled to each day. Even when Plaintiff and the Class members are allowed

14   to take a meal or rest break, the multiple tasks they must perform both before and after their

15   meal or rest break mean that they are not actually provided with duty-free breaks for the

16   requisite amount of time set by statute.

17                                             **15.**

18

19    H & M's unlawful conduct has been widespread, repeated, and willful throughout its'

20   Santa Clara, California facility. H & M Hennes & Mauritz knew or should have known that its

21   policies and practices have been unlawful and unfair.

22                              **CLASS ACTION ALLEGATIONS**

23                                             **16.**

24    Plaintiff brings this case as a class action on behalf of herself and all others similarly

25   situated pursuant to California Code of Civil Procedure ("CCP") §382. The Class that Plaintiff

26   seeks to represent is defined as follows:

27

28

All individuals who are currently employed, or formerly have been employed by Defendants as non-exempt employee and worked in Defendant's stores in the State of California, at any time within four years prior to the filing of the original complaint until resolution of this action.

**17.**

This action has been brought and may properly be maintained as a class action under CCP § 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable:

   i.  Whether Defendants, through their policy of requiring non-exempt hourly workers to perform substantial work off-the-clock, fail to pay class members all of the wages they are owed in violation of the California Labor Code;

   ii.  Whether Defendants, through their policy of requiring non-exempt hourly workers to perform substantial work off-the-clock, fail to pay class members all of the overtime wages they are owed in violation of the California Labor Code;

   iii.  Whether Defendants, through their policy of requiring non-exempt hourly employees to perform substantial work off-the-clock, fail to pay class members all of the overtime wages they are owed in violation of Business and Professions Code § 17200 et seq.;

   iv.  Whether Defendants, through their policy of requiring non-exempt hourly workers to perform substantial work off-the-clock, fail to provide class members with the off duty meal periods to which they are entitled in violation of the California Labor Code;

   v.  Whether Defendants, through their policy of requiring non-exempt hourly workers to perform substantial work off-the-clock, fail to provide class members with the meal periods to which they are entitled in violation of Business and Professions Code § 17200 et seq.;

   vi.  Whether Defendants, through their policy of requiring non-exempt hourly employees to perform substantial work off-the-clock, fail to authorize and permit class members to take rest periods to which they are entitled in violation of the California Labor Code;

   ix.  Whether Defendants, through their policy of requiring non-exempt hourly employees to perform substantial work off-the-clock, fail to authorize and permit class members rest periods to which they are entitled in violation of Business and Professions Code § 17200 et seq.;

x.    Whether Defendants systemic failure to provide class members with off-duty meal periods violates the California Labor Code and IWC wage orders;

xi.   Whether Defendants' systemic failure to provide class members with off-duty meal periods has been an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code § 17200 et seq.;

xii.  Whether Defendants' policy and practice of failing to pay class members all wages due upon the end of their employment violates the California Labor Code;

xiii. Whether Defendants' policy and practice of failing to pay class members all wages due upon the end of their employment has been an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code § 17200 et seq.;

xiv.  The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Class as alleged herein.

18.

## TYPICALITY

Plaintiff's claims are typical of the claims of the Class. Defendants' common course of conduct in violation of law as alleged herein has caused Plaintiff and Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

19.

## ADEQUACY OF REPRESENTATION

Plaintiff is a member of the Class, does not have any conflicts of interest with other Class members, and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating large employment class actions, including large minimum-wage and overtime class actions. Plaintiff will fairly and adequately represent and protect the interests of the class members.

20.

7
COMPLAINT

## SUPERIORITY OF CLASS ACTION

A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

### FIRST CAUSE OF ACTION
#### (Failure to Pay Minimum Wage
#### Violation of Labor Code Sections 1194, 1194.2, 1197 and
#### Wage Order 14)

Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs for this cause of action on behalf of all class members.

15.    The Class Period for this cause of action is three years from the date of the filing of the complaint.

16.    Labor Code Section 1197 provides, "the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

17.    Labor Code Section 1194 provides in relevant part that any employee receiving less than the legal minimum wage applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage, including interest thereon, reasonable attorneys' fees, and costs of suit.

18.    Labor Code Section 1194.2 provides in relevant part that: "In any action under ... Section 1194 to recover wages because of a payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

19.    As alleged herein, Defendants required Plaintiff and the Class members to work without compensating them for all hours worked. By these actions, Defendants violated California's strict minimum working condition laws and statutes and are liable to Plaintiff and the class.

20.    As a result of the unlawful acts of Defendants, Plaintiff and the Class members have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, including interest thereon, attorneys' fees, costs, and any other damages as set forth under California Law.

WHEREFORE, Plaintiff prays for damages, individually and on behalf of the class, as hereinafter set forth.

## SECOND CAUSE OF ACTION
### Failure to Compensate for All Hours Worked
### (Against All Defendants)

### 21.

Plaintiff herein repeats and re-alleges as though fully set forth at length each and every paragraph of this Complaint, excepting those paragraphs which are inconsistent with this cause of action for relief regarding Defendants' violations of Business and Professions Code 17200 et seq. (Unfair Practices Act).

### 22.

Defendants, and each of them, have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding and subsequent Paragraphs, to wit, by requiring Plaintiff to perform the labor services complained of herein without overtime compensation and without statutory mandated meal and rest periods required under the California Labor code and IWC Wage Orders. Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over

Defendants' competitors. Plaintiff seeks full restitution and disgorgement of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein. Plaintiff seeks the appointment of a receiver, as necessary. The acts complained of herein occurred, at least in part, within four years prior to the filing of the putative class action lawsuit entitled *Mosse v. CVS·Caremark Corporation;* Case No. BC 387082; filed March 11, 2008 in the Superior Court of Los Angeles County, which tolled the statute of limitations on Plaintiff's claims. See *Eisen v. Carlisle,* 417 U.S. 156 (1974) and *American Pipe & Const. Co. v. Utah,* 414 U.S. 538 (1974).

**23.**

Specifically, Cal. Lab. Code §226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

**24.**

The meal period provisions of the applicable wage orders provide in relevant part, "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked."

**25.**

Relevant provisions of the applicable Industrial Welfare Commission wage orders authorize employees to take rest periods based on the total hours worked daily at the rate of ten minutes of rest per four hours or major fraction thereof.

**26.**

Cal. Lab. Code Section 512, which provides in relevant part:
Meal periods:
An employer may not employ an employee for a work period of more

than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period my be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a     second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal . period was not waived.

27.

As alleged herein, Defendants routinely interrupted and/or failed to permit, authorize and/or provide Plaintiff meal and rest breaks. By these actions, Defendants violated Cal. Lab. Code §226.7(a) and such violation constitutes an unfair business practices pursuant to Bus. and Prof. Code section 17200 et seq.   Plaintiff seeks relief for Defendant's statutory violations enumerated herein pursuant to the Unfair Business Act of Bus and Prof. Code section 17200 et seq.

28.

As a result of the unlawful acts of Defendants, Plaintiff has been deprived of meal and rest breaks, and is entitled to restitution in the form of unpaid wages in the amount of one additional hour of pay at the employee's regular rate of compensation for each work day that a meal or rest period was not provided and/or authorized and permitted.

29.

Plaintiff is informed and believes and on that basis alleges that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code section 17200 thereby depriving Plaintiff of the minimum working conditions and standards due to him under the California

11
COMPLAINT

1  labor laws and applicable Industrial Welfare Commission wage orders as specifically described

2  herein.

3       WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

4                        **THIRD CAUSE OF ACTION**

5       **(Failure to Make Payment within the Required Time: California**
6            **Labor Code Sections 201, 202, 203)**

7                              **30.**

8       Plaintiff re-alleges and incorporates by reference each and every allegation set forth in

9  the preceding paragraphs.

10                             **31.**

11      California Labor Code Section 201 provides in relevant part, "[i]f an employer

12  discharges an employee, the wages earned and unpaid at the time of discharge are due and

13  payable immediately."

14

15

16                             **32.**

17      California Labor Code Section 202 provides in relevant part, "[i]f an employee not

18  having a written contract for a definite period quits his or her employment, his or her wages

19  shall become due and payable not later than 72 hours thereafter, unless the employee has given

20  72 hours previous notice of his or her intention to quit, in which case the employee is entitled to

21  his or her wages at the time of quitting."

22                             **33.**

23      As alleged herein, Defendants failed to pay earned wages to Plaintiff who is a former

24  employee of the Defendants at the time those wages became due and payable. Based on

25  information and belief, Defendants did not have a good faith basis for believing that Plaintiff

26  was not entitled to overtime and/or meal and rest breaks. Defendants routinely classified store

27

28

managers, including Plaintiff, as salaried employees without ever conducting a good faith evaluation of whether its classification of the position as "exempt" was correct. Thus, Defendants violated Cal. Labor Code Sections 201 and 202. Accordingly, Plaintiff seeks recovery of waiting time penalties as provided under Labor Code Section 203.

**FOURTH CAUSE OF ACTION**
**[Penalties Pursuant to Labor Code Section 2698-99]**

**34.**

Plaintiff herein re-alleges and incorporates each and every allegation set forth in the proceeding paragraphs.

**35.**

As a further and direct proximate result of the failure to pay overtime compensation, failure to provide, authorize and/or permit meal and rest periods, and failure to make payments within the required time, Plaintiff is entitled to recover penalties pursuant to California Labor Code Sections 2698-99 (Private Attorney General's Act aka PAGA). Plaintiff seeks statutory penalties for violations of Cal. Labor Code sections §§204, 210, 226, 558, and 1194.

**36.**

Plaintiff has taken the steps necessary to exhaust administrative remedies and Plaintiff has exhausted his administrative remedies.

**37.**

The Labor Workforce Development Agency has confirmed it will not take action in this matter and has allowed Plaintiff to move forward to recover these penalties on his own behalf.

WHEREFORE, Plaintiff on his own behalf prays for judgment as follows:

1.    For the First Cause of Action:

    a.    A declaratory judgment that Defendants have violated the Cal. Lab. Code;

13
COMPLAINT

b.     An award to Plaintiff of damages for the amount of unpaid wages and/or overtime compensation, including interest thereon, and penalties subject to proof;

c.     An award to Plaintiff of reasonable attorneys' fees and costs pursuant to Cal. Lab. Code § 1194 and/or other applicable state laws;

2.   For the Second Cause of Action:

a.     Ordering Defendants, its agents, servants, and employees, and all persons acting, directly or indirectly, in concert with it, to restore and disgorge all funds to Plaintiff acquired by means of any act or practice declared by Court to be unlawful, unfair or fraudulent and therefore constitute unfair competition under § 17200 et seq. of the California Business and Professions Code;

c.     Restitution pursuant to California Industrial Welfare Commission Order No. 7-2001(12) (C), which provides: "[i]f an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided;"

d.     Restitution pursuant to California Industrial Welfare Commission Order No. 7-2001(11)(D), which provides: "[i]f an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided;"

e.     A declaratory judgment that Defendants have violated Cal. Lab. Code §226.7;

3.   For the Third Cause of Action:

a.  A declaratory judgment that Defendants have violated Cal. Lab. Code §§201, 202, and 203;

b.  An award to Plaintiff of continuing wages as a penalty from the due date thereof at the same rate until paid or until this action was commenced; but for no more than 30 days;

4.  For the Fourth Cause of Action:

a.  A declaratory judgment that Defendants have violated Cal. Labor Code Sections 204, 210, 226.7, 510, 558, and 1194.

14
COMPLAINT

b.  For the maximum statutory penalties as set forth in the California Labor
Code Private Attorney's General Act.

5.  Awarding Plaintiff his attorneys' fees and costs of suit to the extent permitted by law;

6.  All other relief as this Court may deem proper.

DATED:  December 22, 2011

RIGHETTI · GLUGOSKI, P.C.

John Glugoski
Attorney for Plaintiff

15
COMPLAINT

EXHIBIT C

MANATT, PHELPS & PHILLIPS, LLP
ROBERT H. PLATT (Bar No. CA 108533)
ANDREW L. SATENBERG (Bar No. CA 174840)
REID DAVIS (Bar No. CA 275164)
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Defendant*
H & M HENNES & MAURITZ, L.P.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| SUZANNE TRAN, individually and on behalf of all person similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>H & M HENNES AND MAURITZ L.P., and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 111CV215599<br><br>NOTICE TO THE CLERK OF THE SANTA CLARA COUNTY SUPERIOR COURT AND TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT |

TO THE CLERK OF THE SANTA CLARA COUNTY SUPERIOR COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 2, 2012, Defendant H & M Hennes & Mauritz, L.P. filed a Notice of Removal of Civil Action to the United States District Court with the Clerk of the United States District Court for the Northern District of California. Pursuant to 28 U.S.C. section 1446(d), the filing of a copy of the Notice of Removal with the Clerk of this Court effects the removal of this action. This Court may not proceed further unless and until the action is remanded.

Attached as **Exhibit A** is a true and correct copy of the Notice of Removal of Civil Action to the United States District Court and all documents filed concurrently with and in

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

1   support of the Notice of Removal.

2

3   Dated:    February 2, 2012                MANATT, PHELPS & PHILLIPS, LLP
                                              Robert H. Platt
4                                             Andrew L. Satenberg
                                              Reid Davis
5

6                                             By: _____
7                                                 Reid Davis
                                                  *Attorneys for Defendant*
8                                                 H & M HENNES & MAURITZ, L.P.

9

10  301363167.1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

2

1

## PROOF OF SERVICE

2          I, Carlyn Falls, declare as follows:

3          I am employed in Los Angeles County, Los Angeles, California.  I am over the age of eighteen years and not a party to this action.  My business address is MANATT, PHELPS &
4  PHILLIPS, LLP, 11355 West Olympic Boulevard, Los Angeles, California  90064-1614.  On February 2, 2012, I served the within:

5
         **NOTICE TO THE CLERK OF THE SANTA CLARA**
6        **COUNTY SUPERIOR COURT AND TO ADVERSE PARTY**
         **OF REMOVAL OF ACTION TO FEDERAL COURT**
7

8  on the interested parties in this action addressed as follows:

9      **Matthew Righetti, Esq.**
        **Righetti - Glugoski, P.C.**
10     **456 Montgomery Street**
       **Suite 1400**
11     **San Francisco, CA 94104**
       **Phone: (415) 983-0900**
12     **Fax: (415) 397-9005**

13     *Attorneys for Plaintiff*
       **SUZANNE TRAN, Individually and**
14    **on behalf of all person similarly**
       **situated**
15

16   ☒   **(BY MAIL)** By placing such document(s) in a sealed envelope, with postage
           thereon fully prepaid for first class mail, for collection and mailing at Manatt,
17         Phelps & Phillips, LLP, Los Angeles, California following ordinary business
           practice. I am readily familiar with the practice at Manatt, Phelps & Phillips, LLP
18         for collection and processing of correspondence for mailing with the United States
           Postal Service, said practice being that in the ordinary course of business,
19         correspondence is deposited in the United States Postal Service the same day as it
           is placed for collection.
20

21
          I declare under penalty of perjury under the laws of the State of California that the
22  foregoing is true and correct and that this declaration was executed on February 2, 2012 at Los Angeles, California.

23

24

25                       Carlyn Falls

26

27  301375013.1

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

PROOF OF SERVICE

1

## PROOF OF SERVICE

2

I, Carlyn Falls, declare as follows:

3

I am employed in Los Angeles County, Los Angeles, California.  I am over the age of eighteen years and not a party to this action.  My business address is MANATT, PHELPS & PHILLIPS, LLP, 11355 West Olympic Boulevard, Los Angeles, California  90064-1614.  On February 2, 2012, I served the within:

4

5

**NOTICE OF REMOVAL OF CIVIL ACTION TO**
**UNITED STATES DISTRICT COURT UNDER 28**
**U.S.C. §§ 1441 AND 1446**

6

7

on the interested parties in this action addressed as follows:

8

9

**Matthew Righetti, Esq.**            *Attorneys for Plaintiff*
**John Glugoski, Esq.**                **SUZANNE TRAN,**
**Michael Righetti, Esq.**             **Individually and on behalf of**
**Righetti - Glugoski, P.C.**          **all person similarly situated**
**456 Montgomery Street**
**Suite 1400**
**San Francisco, CA 94104**
**Phone: (415) 983-0900**
**Fax: (415) 397-9005**

10

11

12

13

14

15

16

X        **(BY MAIL)** By placing such document(s) in a sealed envelope, with postage thereon fully prepaid for first class mail, for collection and mailing at Manatt, Phelps & Phillips, LLP, Los Angeles, California following ordinary business practice. I am readily familiar with the practice at Manatt, Phelps & Phillips, LLP for collection and processing of correspondence for mailing with the United States Postal Service, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for collection.

17

18

19

20

21

22

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that the foregoing is true and correct.

23

24

Executed on February 2, 2012 at Los Angeles, California.

25

26

27

Carlyn Falls

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES